In the Matter of WILLIE CLARK, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [754 NYS2d 607] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Substantial evidence supports the determination finding petitioner guilty of violating the prison disciplinary rule that prohibits the unauthorized possession of a controlled substance. The record establishes that petitioner was released from his cell in order to distribute water to the other inmates. After returning to his cell, petitioner asked to be released again because he had forgotten to return the water bucket. Prior to letting petitioner out, a search of the slop sink area revealed a finger of a plastic glove containing 16 packets of heroin which the correction officer confiscated. Petitioner was then released from his cell, searched the sink area and returned to his cell.

Although petitioner claims that other inmates had access to the area, the correction officer who authored the misbehavior report testified that the area had previously been searched and that petitioner was the only inmate who had access to the area prior to the narcotics being found. A reasonable inference of possession by petitioner arises inasmuch as the area was within his control (*see Matter of Jackson v Selsky*, 288 AD2d 802, *lv denied* 97 NY2d 612; *Matter of Fugate v Goord*, 277 AD2d 626; *Matter of Valentine v Coughlin*, 200 AD2d 838). Petitioner's remaining contentions have been reviewed and found to be without merit.

Mercure, J.P., Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.